UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jerry L. Morris, | ) | Civil Action No. 4:03-4063-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND |
| Janis Chesson, Phillip Massey, Coastal | ) | RECOMMENDATION |
| Carolina University, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff initiated this action by compliant filed December 23, 2003, alleging age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623, and 42 U.S.C. §1983. This matter is now before the court[1] on defendants' motion for summary judgment filed May 13, 2005. Plaintiff filed an opposition memorandum on June 27, 2005, to which defendants filed a reply on July 12, 2005. The matter is ripe for disposition.

*Facts*

Plaintiff applied for the position of Engineer/Associate Engineer II with Coastal Carolina University (Coastal). Philip Massey, on behalf of Coastal, interviewed plaintiff on January 11, 2002, for 1 ½ to 2 hours. At the time of the interview, plaintiff was 59 years of age.

The position was awarded to another applicant, Charles F. Moore. Mr. Moore was 49 years of age, and had handled and completed a humanities building construction project for Coastal prior to applying for the engineering position. The primary immediate responsibility of the engineering

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

position was the construction management and completion of the football stadium for Coastal.

Philip Massey made the ultimate hiring decision and was over the age of 50 at the time he interviewed plaintiff.  Defendant Janis Chesson, who worked in Coastal's Human Resources Department, notified plaintiff that he was not selected for the position by letter.

Plaintiff alleges that defendants refused to hire him because of his age.  He testified as follows:

> Q: Well, I mean, did he imply why you weren't getting the job?
>
> A: Well, I left there believing it was because he thought I was too old and he had somebody younger that he wanted to hire.

(Morris Dep. at 34).[2]

### Standard of Review

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP.  The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come

---

[2] Because it is recommended that this case be dismissed due to sovereign immunity, the relative qualifications of the plaintiff and the person hired for the position are not included.

forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## *Discussion*

### *Preemption*

Plaintiff brings her claims for age discrimination pursuant to the ADEA and 42 U.S.C. §1983. Plaintiff's exclusive remedies for employment discrimination based on age is available under the Age Discrimination in Employment Act. Although there is a split in the circuits, the Fourth Circuit has directly addressed the preemption by the ADEA. Zombro v. Baltimore City Police Department, 868 F.2d 1364, 1368(4th Cir. 1989)(ADEA is exclusive remedy). In essence, without preemption, a plaintiff could subvert the exhaustion requirements of the ADEA and file directly under §1983. Accordingly, plaintiff's claims under §1983 for discrimination based upon age should be dismissed.

### *Sovereign Immunity*

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state.

Although not literally stated, the Eleventh Amendment has been interpreted to apply to suits against a state[3] by its own citizens. Edelman v. Jordan, 415 U.S. 651 (1974). Generally, the Eleventh Amendment bars federal courts from entertaining a private plaintiffs suit against a state government. Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought. Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam).

---

[3] A suit against an agent or employee of a state in his or her official capacity is the same as a suit against the state itself.

-4-

Congress can abrogate a State's Eleventh Amendment immunity by enactment of legislation "if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power [to enforce the constitutional guarantee of due process and equal protection] under §5 of the Fourteenth Amendment."  Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003).

Defendants are immune from suit in this court under the ADEA because of sovereign immunity.  Kimel v. Florida Board of Regents, 528 U.S. 62 (2000)(Congress did not have authority under §5 to abrogate sovereign immunity when it enacted the ADEA).  Plaintiff argues if the ADEA preempts a §1983 action based on age and the defendants are entitled to 11th Amendment immunity, plaintiff is left without a remedy.  Plaintiff's argument is without merit.  The 11th Amendment grants immunity from suit for monetary damages brought in federal court[4].

Additionally, Plaintiff argues that defendants have "effectively" waived their 11th Amendment immunity because the public policy of the State of South Carolina prohibits discrimination in employment.  A general public policy of a state against employment discrimination does not waive 11th Amendment immunity[5] from suit in federal court for monetary damages.[6] Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694 (S.C. 2005), cited by the plaintiff does not support plaintiff's argument.  That case involves language contained within an employment handbook, and whether or not it created a contract.  Id. at 698-99.

_____

[4] Whether or not plaintiff may proceed in state court on state law claims, or federal law claims, is not before this court.

[5] No other argument for waiver is advanced.

[6] See Litman v. George Mason University, 186 F.3d 544, 550 (4th Cir. 1999).

-5-

Because defendants' motion should be granted on the issue of sovereign immunity, defendants' remaining argument on the merits of a claim under the ADEA are not discussed.

For the foregoing reasons, defendants' motion for summary judgment should be granted and this case dismissed.

January 27, 2006                              s/Thomas E. Rogers, III
Florence, South Carolina                     Thomas E. Rogers, III
                                             United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s).**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"

### &

### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
