IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jerry L. Morris, | ) | Civil Action No.: 4:03-4063-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Janis Chesson, Phillip Massey, and | ) | |
| Coastal Carolina University, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Jerry L. Morris, filed this action on December 23, 2003, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On May 13, 2005, the defendants filed a motion for summary judgment. The plaintiff filed a response in opposition to the motion for summary judgment on June 27, 2005. The Magistrate Judge filed a Report and Recommendation on January 27, 2006, in which he recommended the defendants' motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §

636(b)(1).  In the absence of objections to the Report and Recommendation, this Court is not required

to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir.

1983).

On February 3, 2006, the plaintiff filed an objection to the Report and Recommendation.

However, the objection simply states that the plaintiff objects to the Report and Recommendation and

references the response in opposition to the defendants' motion for summary judgment.  To say the very

least, this filing does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules

of Civil Procedure.[1]  Particularly, the plaintiff has not pointed out a portion of the Magistrate Judge's

Report and Recommendation to which he objects.  Without specific objection to the Magistrate Judge's

reasoning, the Court will not discuss the conclusion reached by the Magistrate Judge any further.  See

28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of

those portions of the report or *specified* proposed findings or recommendations to which objection is

made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file

specific objections to particular conclusions in Magistrate Judge's Report, after warning of

consequences of failure to object, waives further review).  Therefore, the plaintiff's objection to the

Magistrate Judge's Report and Recommendation is without merit.

---

[1]  Rule 72(b) states:

> Within ten days after being served with a copy of the recommended
> disposition, a party may serve and file **specific, written objections to
> the proposed findings and recommendations**. . . . The district judge
> to whom the case is assigned shall make a de novo determination upon
> the record, or after additional evidence, of **any portion of the
> magistrate judge's disposition to which specific written objection
> has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

After carefully reviewing the Report, objection, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules the plaintiff's objection.  For the reasons stated therein and in this Order, the defendants' motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 6, 2006